United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 5, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-60799

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

THE COVINGTON COUNTY SCHOOL DISTRICT,

Defendant-Appellee,

v.

DANNIESHA KEYS, by Arthur Keys and Peggy Keys; SAVON KEYS, by Arthur Keys and Peggy Keys; KADISHA OWENS, by Johnny Fairley; ZANTARIO JENKINS, by Johnny Fairley; CILLMURIEA KEYS, by Lizzie Keys; JAHRINA KEYS, by Lizzie Keys, NICKIE OWENS, by Brenda Durr; BRENNA OWENS, by Brenda Durr; RENEE OWENS, by Brenda Durr,

Movants-Appellants.

_____

Appeal from the United States District Court for the
Southern District of Mississippi

_____

Before KING, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

A group of African-American students and parents ("Appellants") from Covington County, Mississippi seek to intervene in litigation concerning the desegregation of the county's schools. The district court concluded that Appellants did not timely file their motion to intervene and that Appellants did not have the right to intervene because the United States adequately represented

their interests. We AFFIRM the district court's finding that Appellants' motion to intervene was untimely.

This school desegregation case was filed originally by the United States in 1966 to enjoin the Covington County School District ("District") from discriminating on the basis of race. In the ensuing years, various desegregation plans were adopted or modified with limited success. In 2003, upon complaint by the local chapter of the NAACP, the United States filed a Motion for Further Relief.

After more than six months of negotiations, the District and the United States agreed on a settlement. The possibility that the United States and the District might settle was covered heavily in the news. On March 8, 2006, the district court entered a jointly submitted consent decree. The decree also was well-publicized in the community via local newspaper, radio, and television.

Unsatisfied with the plan implemented under the decree, Appellants sought to intervene. On June 19, 2006, more than three months after entry of the decree, Appellants filed a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. The district court ruled that the motion to intervene was untimely and, in the alternative, that the United States adequately represented the interests of the would-be intervenors.

To determine whether a motion to intervene is timely, courts must consider the totality of the circumstances. Jones v. Caddo Parish Sch. Bd., 735 F.2d 923, 927 (5th Cir. 1984) (en banc). In

2

Stallworth v. Monsanto Co., we found that there are four factors to consider in determining whether a motion to intervene is timely: (1) the length of time the applicants knew or should have known of their interest in the case; (2) prejudice to existing parties caused by the applicants' delay; (3) prejudice to the applicants if their motion is denied; and (4) any unusual circumstances. 558 F.2d 257, 264-66 (5th Cir. 1977). The district court's determination as to timeliness is reviewed only for abuse of discretion. Caddo Parish, 735 F.2d at 926.

We find that the district court did not abuse its discretion when it found that Appellants' motion was untimely. This desegregation case began decades before in 1966, and the United States filed its Motion for Further Relief in 2003. The possibility that the United States and the District might settle was well-publicized for more than six months before the consent decree was entered. While Appellants claim that, before the consent decree was entered, they believed the United States would be pressing for their position, there is no evidence that the United States gave them any explicit assurances that it would not compromise to settle the case. Moreover, Appellants waited nearly 15 weeks after the district court entered the consent decree before seeking to intervene. Given these circumstances, Appellants reasonably should have known of their interests in the case at least months before it actually filed its motion to intervene.

Allowing Appellants to intervene also would prejudice the

3

United States and the District. It would waste the efforts of six months of settlement negotiations, and negotiations would have to begin anew. While Appellants also may suffer prejudice if precluded from intervening, Appellants have the burden to plead and prove such prejudice. Appellants failed to do so here.

Finally, Appellants have not alleged any unusual circumstances that explain their delay. Appellants contend that they needed nearly 15 weeks to find adequate counsel and for counsel to "familiarize themselves with the case." But if Appellants simply needed more time, they could have filed a motion to intervene along with a motion for an extension. S.D. Miss. R. 7.2(D). Instead, because of Appellants' delay, both the court and the parties proceeded for more than three months as if the settlement was final.

Because we find that the district court did not abuse its discretion when it found that Appellants' motion to intervene was untimely, we need not reach the issue of whether the United States adequately represented their interests. The district court's ruling is AFFIRMED.